## HUNT v. AMERICAN GROCERY CO.

(Circuit Court, D. New Jersey. June 16, 1897.)

CORPORATIONS—STOCKHOLDERS' MEETING—VOTE TO WIND UP BUSINESS.

The directors of the G. Co., a corporation organized under the laws of New Jersey to conduct a manufacturing and mercantile business, called a meeting of the stockholders to consider the propriety of a sale of the business. Less than one-third of the stock was represented at the meeting, but a resolution was passed by a large majority of the stock represented, instructing the directors to dispose of the business of the company on such terms as they should deem best. *Held,* that as the statutes fully provided for winding up the corporation in case its business were unprofitable, or it was obliged to suspend for want of funds, the directors should be enjoined, at the suit of a stockholder, from disposing of the assets, so as to prevent the corporation from carrying out the objects of its incorporation.

Washington B. Williams, for the motion.
H. Aplington, opposed.

KIRKPATRICK, District Judge. Application was heretofore made to the court in this suit for the appointment of a receiver for the defendant company, upon the ground that the directors had, without the assent of the stockholders, improperly disposed of valuable assets, and changed the nature of the company's business. These allegations were denied by the president of the company, and the assertion was made that no considerable amount of staple goods had been sold for less than cost; that none of the company's valuable trade-marks had been disposed of; and that only such changes had been made in the business as were necessary to bring its volume within the limits of its available capital. Affidavits were submitted on behalf of the defendant company tending to show that it was in an entirely solvent condition. Upon the case so made, the court refused to appoint a receiver, and thereupon a meeting of the stockholders was called by the directors, to consider the propriety of a sale of the business. The meeting was held pursuant to notice, and there were present, either in person or by attorney, stockholders representing 9,923 shares, out of a total of 35,000 shares issued. At this meeting, the following resolution was adopted by an affirmative vote of 9,615 shares, against 304 shares in the negative: "Resolved, that the board of directors be, and they hereby are, authorized and recommended to dispose of the business of this company, upon such terms as they shall deem for the best interest of the company." Against such action, this court, upon an application by a stockholder, granted its injunction, and the motion now is made to vacate the same.

The American Grocery Company was incorporated under the general corporation act of the state of New Jersey, for the purpose,

as stated in its certificate of organization, of "engaging in the manufacture, importation, buying, and selling of merchandise and commodities, and trading therein; the holding, purchase, and conveyance of real property useful or convenient for the purpose of its business, * * * and generally doing all acts and transacting all business necessary and incident to said objects." In pursuance of these objects, and with the assent of the stockholders, the company immediately purchased the wholesale grocery business of the Thurber Whyland Company, and the same has been managed and conducted by a board of directors pursuant to the statute. The purpose for which directors are chosen is to manage and conduct the business which the company is organized to carry on. Their duties are limited to managing and conducting the business, which cannot be said to include the sale of all its property, thereby defeating the very purpose of incorporation.

If the business is unprofitable, and, in the judgment of the directors, it is deemed advisable, and most for the benefit of the corporation, that the same should be dissolved, the statute states how it shall be done, affording ample protection to the rights of all the parties in interest. If the directors are obliged to suspend the ordinary business of the corporation for want of funds, the act points out the duty of the directors. There is neither need nor excuse for an indefinite continuance of a losing business. The affidavit of Mr. Marsalis, the president of the company, filed on this hearing, shows that the directors have decided that it is advisable that the corporation should be dissolved. If two-thirds in interest of the stockholders concur in this view, then the directors will become trustees, and vested with the power of selling out the business in such way as shall seem to them most for the benefit of the parties interested. If more than one-third in interest hold a different view, then the duty of the directors will be to continue to manage and conduct the business, even though it be at a loss, until such time as it must suspend for want of funds to carry on the same. Since the statute makes provision for all the conditions which can arise in this case, I do not think the directors should be permitted to pursue a course outside of the line so marked out. No necessity is shown for such extraordinary action on the part of the directors. The matter has been called to the attention of the stockholders, and far less than a majority in interest have signified their approval of the proposition. Under these circumstances, while the court has no desire to interfere in the management and conduct of the business which has been intrusted to the directors, it must, when its aid is properly invoked, prohibit such an unauthorized disposition of the entire assets of the company as will practically wind up its business, and prevent it from carrying out the objects of its incorporation. The motion to dissolve the injunction will be denied.